IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ANTHONY J. OLIVER,                      :
                                        :
                Plaintiff,              :
                                        :
        VS.                             :        NO. 5:25-cv-265-MTT-AGH
                                        :
GEORGIA DEPARTMENT                      :
OF CORRECTIONS, et al.,                 :
                                        :
                Defendants.             :
                                        :
_____            :

## ORDER

*Pro se* Plaintiff Anthony J. Oliver, a prisoner incarcerated in Valdosta State

Prison in Valdosta, Georgia, filed a civil action in the Superior Court of Monroe

County on March 20, 2025 and moved to proceed *in forma pauperis*.  ECF No. 1; ECF

No. 1-1 at 4-24.  After the action was transferred to the Superior Court of Fulton

County, Defendants filed a Notice of Removal in the United States District Court for

the Northern District of Georgia.  ECF No. 1; ECF No. 1-1 at 25.  That court

transferred the action to the United States District Court for the Middle District of

Georgia.  ECF No. 3.

Oliver's amended sentence contains a "special condition" that requires him to

comply with certain notice requirements before filing a new action in the "State of

Georgia."  ECF No. 8-1 at 6.  Specifically, along with any "new action, motion, or

petition," Oliver must file a "Request to File New Action," which contains a copy of

his amended sentence, and provide both the assigned judge and the Georgia

Department of Corrections ("GDC") warden at his current place of confinement with

copies of the "new action, motion, or petition," and the "Request to File New Action."

*Id.* GDC, who is a named Defendant in the current action pending before this Court,

has authority to enforce the special condition. *Id.* Because it did not appear that

Oliver complied with this provision, the Court ordered Defendants to show cause why

Oliver's case should not be remanded to the state court so it could determine the

applicability and enforcement of the special condition. ECF No. 8.

Defendants responded, objecting to the remand, but acknowledging that Oliver

did not comply with the special condition. ECF No. 9 at 2-3. Oliver has apparently

failed to comply with this pre-filing notice requirement numerous times in the past, and

GDC has never enforced the special condition because it was "unaware of [it] until this

Court alerted them in its Order." ECF No. 9 at 2. Defense counsel stated that they had

> defended various GDC officials in numerous actions commenced by
> [Oliver] - some through counsel and some pro se - in this Court, the
> Northern District of Georgia, the Southern District of Georgia, and various
> Superior Courts throughout Georgia. And in each of these actions against
> GDC or GDC officials, undersigned counsel is not aware of [Oliver]
> making the required filings with the applicable court, and is certainly not
> aware of [Oliver] serving GDC (or undersigned as GDC counsel, as
> applicable) with the required notice.

*Id.*

To determine on how many occasions Oliver has violated the express terms of his

criminal sentence, this Court needs a list of all actions, motions, or petitions that Oliver

filed in the "State of Georgia" following the imposition of his sentence.[1]  *Id.*  Oliver is,

therefore, **ORDERED** to provide the Court with the case name, case number, court, and

date of filing of all civil actions or petitions[2] that he filed in the "State of Georgia"

following the imposition of his sentence.  For each civil action, Oliver must indicate if

he was represented by counsel at the time he filed the action and, if so, provide the name

of the attorney(s) who represented him.  Oliver shall have **FOURTEEN (14) DAYS**

from the date of this Order to respond.  Failure to timely respond and fully disclose all

civil actions as defined in this Order may result in the dismissal of this action.

Additionally, failure to keep the Court informed of any address change may result in the

dismissal of this action.

      **SO ORDERED**, this 12th day of August, 2025.


              S/ Marc T. Treadwell
              MARC T. TREADWELL, JUDGE
              UNITED STATES DISTRICT COURT

---

[1] The special condition is not limited to actions in which GDC or GDC officials are named as defendants. It applies to "any new action, motion, or petition in the State of Georgia."  ECF No. 8-1 at 6.  It is unclear if the special condition applies only to actions filed in state courts or to those filed in both state and federal courts located in the "State of Georgia."  *See Wright v. Brown*, 783 S.E.2d 405, 408-09 (Ga. App. 2016) (interpreting phrase "any court of this state" as used in Georgia's three-strikes statute not to include federal courts located in the state).  For purposes of this Order, the Court construes the phrase to include actions filed in both state courts and federal courts located in Georgia.

[2] The Court does not need a list of all "motions" that Oliver filed within an existing civil action.  ECF No. 8-1 at 6.  If, however, Oliver filed a "motion" not connected to an existing case and the "motion" was given a civil action number, Oliver is to include the motion in the list he provides to the Court.