IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ANTHONY J. OLIVER,                         :
                                           :
          Plaintiff,                       :
                                           :
VS.                                        :
                                           :    NO. 5:25-cv-265-MTT-AGH
SANDI WEST,                                :
*et al.*,                                  :
                                           :
          Defendants.                      :
                                           :
_____           :

## ORDER

Pro se Plaintiff Anthony J. Oliver, a prisoner incarcerated in Washington State Prison in Davisboro, Georgia, filed a civil action in the Superior Court of Monroe County on March 20, 2025 and moved to proceed *in forma pauperis*.   ECF No. 1 at 1; ECF No. 1-1 at 2, 4, 25.   Defendants removed the action to the United States District Court for the Northern District of Georgia and that court transferred the case to this Court.   ECF No. 1 at 1; ECF No. 3 at 2.   This Court discovered that the Superior Court of Chatham County imposed a filing restriction as a special condition in Oliver's October 16, 2019 criminal sentence.   ECF No. 12-1 at 6.   Noting that Oliver is a "vexatious litigant" who "has continuously and relentlessly filed frivolous lawsuits and made other unmeritorious legal claims," in both state and federal courts, the state superior court ordered that "before filing any new actions, motions, or petitions in the State of Georgia," Oliver must (1) file

a "Request to File" to which she[1] attaches as exhibits the proposed action, motion, or petition and a copy of her criminal sentence showing the filing restriction; (2) provide the appropriate judge with a courtesy copy of the "Request to File" and exhibits; and (3) provide a courtesy copy of the "Request to File" and exhibits to either the Georgia Department of Corrections ("GDC") Warden at the facility where Oliver is incarcerated or the Department of Community Supervision Officer assigned to her case following her release from incarceration.  *Id.*; *see also* ECF No. 8-1 at 6.

Oliver argued on direct appeal that the imposition of the filing restriction violated her federal due process rights.  *Oliver v. State*, 876 S.E.2d 34, 50-51 (Ga. App. 2022).  The Georgia Court of Appeals disagreed and upheld the restriction.  *Id*. at 51.  When Oliver's sentence was amended on May 15, 2023 to reflect that one count for which Oliver was convicted (aggravated stalking) was reversed on appeal, the Superior Court of Chatham County imposed the same filing restriction in Oliver's amended sentence.  ECF No. 8-1 at 6.

When this Court pointed out the filing restriction to the defendants, they indicated that Oliver failed to comply with the filing restriction before filing this action in the Superior Court of Monroe County.  ECF No. 9 at 2.  Oliver admitted that she did not comply with the filing restriction before filing the current action.  ECF No. 17 at 2.  Defendants also told the Court that Oliver did not comply with the filing restriction before filing numerous actions in the "State of Georgia."  ECF No. 9 at 2.

Given this information, the Court found it necessary "[t]o determine on how many

---

[1] Plaintiff used the pronouns "he" and "him" in the Complaint.  ECF No. 1-1 at 4, 6-23.  The Court, therefore, previously used the same pronouns.  Plaintiff informed the Court in a footnote that he now "identifies as transgender" and prefers "her, she, and miss."  ECF No. 6 at 1 n.1.  The Court will, therefore, use feminine pronouns.

occasions Oliver . . . violated the express terms of h[er] criminal sentence." ECF No. 11 at 2. On August 13, 2025, the Court ordered both Oliver and the defendants to provide a list of all the civil actions or petitions that Oliver filed in the "State of Georgia" following the imposition of his October 16, 2019 sentence. ECF No. 11 at 2; ECF No. 13 at 2. For each case he filed after October 16, 2019, the Court ordered Oliver to disclose if she complied with the filing restriction and, if not, explain why she failed to comply. ECF No. 13 at 3.

The defendants responded to the Court's Order and informed the Court that "from October 2019 through the present, [Oliver] commenced seventy-one (71) cases in Georgia courts, fifty-four (54) in state courts and seventeen (17) in federal courts." ECF No. 16 at 1. Of the fifty-four cases filed in the state courts, Oliver filed the required Request to File in approximately half. *Id*. at 2. But GDC had "no record that [it] was served with a [R]equest to [F]ile in any of the seventy-one cases[,] . . . includ[ing] those cases where [Oliver] (or counsel) filed a request to file, and expressly represented that service was made on one or more GDC officials." *Id*.

Oliver filed three responses to the Court's August 12, 2025 Order, but in none did she provide the requested information. ECF No. 15; ECF No. 17; ECF No. 19. Instead, she stated that she is not required to comply with the filing restriction in her sentence because it is "illegal" and does not apply during her incarceration. ECF No. 15 at 2-3; ECF No. 17 at 2-6; ECF No. 19 at 1-4. Then she attacked the Court for requesting the information and threatened defendants' counsel. Specifically, Oliver (1) accused the Court of engaging "[i]n the greatest witch hunt . . . in the history of the Middle District of Georgia" (ECF No. 17 at 1; ECF No. 19 at 1); (2) faulted the Court for "wast[ing] judicial resources, time, paper, ink[,] and postage to inquire about some alleged phantom

3

conditions of probation illegally imposed in State v. Oliver, Chatham County Superior

Court Case No. SPCR-19-02076-J4" (ECF No. 17 at 1); and (3) told the Court to remand

the action to the Superior Court of Fulton County "because the judges are better and

understand the law" (ECF No. 15 at 1).   Oliver threatened to "seek[] sanctions" against

defendants' counsel should they try to make her comply with the filing restriction in her

criminal sentence.   ECF No. 15 at 2.   Oliver boasted that she "did better research in case

law than a district judge and some low budget attorneys from the Georgia Attorney

General's Office" (*Id*. at 3) and stated that she feels "confident the Federal Bureau of

Investigation ("FBI") will be putting a stop to the greatest witch hunt of the Middle

District of Georgia" (ECF No. 19 at 3).[2]   Finally, Oliver stated that she has reported

defendants' counsel to the "general counsel at the State Bar" because "counsel and the

Court cited cases that Plaintiff never filed in federal or state court"[3] ECF No. 19 at 2-3.

---

[2] As the Court pointed out in its September 24, 2026 Order to Show Cause, "[t]here is . . . nothing new in the rude, disrespectful, and threatening tone of Oliver's responses."   ECF No. 18 at 5.   She has been repeatedly warned that such conduct will not be tolerated and that federal courts have "the authority to impose sanctions for rude and disrespectful conduct."   *Oliver v. Cnty. of Chatham*, No. CV417-101, 2018 WL 1573560, at *2 (S.D. Ga. March 30, 2018) (dismissing action for Oliver's failure to obey court orders and her disrespectful language in pleadings); *Oliver v. Cnty. of Effingham*, No. CV418-120, 2019 WL 356803, at *2-3 (S.D. Ga. Jan. 29, 2019) (stating that Oliver's filings contain hyperbole and inflammatory accusations and "[h]is broader litigation record only reinforces the conclusion that Oliver is, to say the least, irresponsible").

[3] Courts have rejected Oliver's blatantly dishonest attempts to disown her previous civil actions.   For example, in her Objection to a Report and Recommendation to deny Plaintiff's motion to proceed *in forma pauperis* and dismiss her complaint on the grounds that she had accumulated at least three strikes under 28 U.S.C. § 1915(g), Oliver stated that she was not the person who filed *Oliver v. Monson*, No. 0:10-CV-4218-ADM-JJG (D. Minn. Jan. 3, 2011); *Oliver v. Reays Ranch Invs*, No. 4:10-CV-0158-JMR-PSOT (D. Ariz. July 19, 2010); *Oliver v. Sloane*, No. 4:10-CV-0169-JMR-PSOT (D. Ariz. June 8, 2010); and *Oliver v. Gore*, No. 3:09-CV-2505-BEN-POR (S.D. Cal. May 12, 2010).   *See* Objection, *Oliver v. Chex Sys., Inc*., No. 3:20-cv-00030-TCB (N.D. Ga. March 25, 2020), ECF No. 11 at 3.   The United States District Court for the Northern District of Georgia overruled her Objections, finding that "this Court is confident that Oliver has run afoul of the three strikes provision and that dismissal of [her] lawsuit was proper."   Order, *Oliver v. Chex Sys., Inc*., No. 3:20-cv-00030-TCB (N.D. Ga. April 21, 2020), ECF No. 12 at 6.   Undeterred, the following year in the United States District Court for the Southern District of Georgia, Oliver again argued that she was not the person who filed *Reays Ranch Invs.*, *Sloane*, or *Monson* (which the court referred to as *Cnty. of Isanti* because Oliver referred to the case

Oliver did not, however, explain which cited case or cases she "never filed."  *Id*.

Oliver provided a copy of a "Motion to Correct Void Sentence" that she, through counsel, filed in the Superior Court of Chatham County.   ECF No. 19-1.   Oliver stated that the "District Attorney . . . informed [her] counsel . . . that she does not oppose the motion."   ECF No. 19 at 2.   Apparently, Oliver's point is that she does not have to comply with the filing restriction because she is currently challenging her sentence.   This is not the case.   Unless and until the filing restriction is removed, Oliver must comply with it.   Additionally, what Oliver failed to tell the Court about her "Motion to Correct Void Sentence" is that the Superior Court of Chatham County denied the motion on September 4, 2025. https://researchga.tylerhost.net/CourtRecordsSearch/#!/case/4d31e5f488d85375a6377211bc17c674 (https://perma.cc/TU5J-5FCC) (searched Oliver, Anthony) (last visited March 2, 2026).

After reviewing her responses, the Court informed Oliver that her current argument that the filing restrictions do not apply while she is incarcerated is disingenuous.   ECF No. 18 at 4.   She routinely complies, at least partially, when she

---

as such in her Objection).   Order, *Ameris Bank*, No. 4:20-cv-00273-RSB-CLR (S.D. Ga. Aug. 19, 2021), ECF No. 79 at 9.   She told the court that   "the cases were potentially filed by another inmate that stole [her] identity in order to fraudulently 'collect money.'"   *Id*.   The court, however, found "compelling reasons for concluding that Oliver filed the earlier cases," including that the alleged facts, handwriting, address, and prisoner identification number in the three cases were consistent with those in Plaintiff's other civil actions.   *Id*. at 9-12.   On appeal, Oliver "denie[d] that [s]he qualifies as a three-striker and continue[d] to assert that [s]he is not the person who filed the civil actions in *Sloane*, *Reays Ranch*, and *Isanti* [a.k.a. *Monson*]."   Order, *Oliver v. Ameris*, No. 21-13005 (11th Cir. Sept. 21, 2023), ECF No. 29-1 at 7.   The Eleventh Circuit did not believe her arguments.   It upheld the district court, finding that "[t]he district court explained that the facts alleged in those civil actions -- including the name of the plaintiff's ex-girlfriend, the circumstances of their relationship, and the plaintiff's address and prisoner identification number -- were consistent with information provided in recent civil actions filed by Oliver. The district court also determined that the plaintiff's handwriting in the earlier civil actions was sufficiently similar to Oliver's handwriting to support a finding that Oliver was the plaintiff in *Sloane*, *Reays Ranch*, and *Isanti*."   *Id*.

5

knows the court in which she seeks to file a new civil action is aware of the restrictions.[4] ECF No. 18 at 4; ECF No. 16-1.   Given Oliver's (1) failure to comply with the filing restriction in her criminal sentence when she filed this action in the Superior Court of Monroe County, (2) failure to provide the Court with the information it requested in the August 13, 2025 Order, and (3) the rude, disrespectful, and threatening language that Oliver used in her responses to the August 13, 2025 Order, the Court ordered Oliver to show cause why her action should not be dismissed.    ECF No. 18.   The Court ordered Oliver to "fully comply with the Court's August 13, 2025 Order and provide all the information requested in that Order, including explanations regarding why [s]he failed to comply with court-imposed filing restrictions when she filed numerous civil actions in the State of Georgia after October 16, 2019."   *Id*. at 6.   The Court again warned Oliver that her action would be dismissed should she "fail[] to truthfully and fully disclose h[er] litigation history or misrepresents whether [s]he complied with the filing restriction in h[er] sentencing orders (this includes misrepresenting whether [s]he provided GDC with

---

[4]  For example, Oliver filed the required "Request to File" in all twenty-seven civil actions that she filed in the Superior Court of Chatham County, the court that imposed the filing restriction.   ECF No. 16-1. She did the same when she filed four civil actions in the Superior Court of Effingham County, which had previously declared Oliver to be "vexatious litigant" and prohibited her from "filing any other lawsuits pro se in the county until it is first reviewed by the chief judge or his or her designee."   *Oliver v. Field*, 840 S.E.2d 124, 127 (Ga. App. 2020).   Oliver, however, did not comply when filing in counties that are unfamiliar with the mandates of her criminal sentence, such as Tattnall, Richmond, Monroe, Baldwin, and Rockdale.   ECF No. 16-1.   Thus, Oliver follows the mandates of her criminal sentence when she is forced to do so and ignores it when she thinks she can get away with it.   As the Court noted previously (ECF No. 18 at 4-5), this type of deceptive behavior is nothing new for Oliver.   *See Oliver v. Ameris Bank*, No. 21-13005, 2023 WL 6159997, at *2 (11th Cir. Sept. 21, 2023) (upholding dismissal with prejudice because Oliver "actively tried to deceive the court"); *Oliver v. Lyft, Inc*., No. CV419-063, No. CV419-125, 2019 WL 5388472, at *1 n.2 (S.D. Ga. Sept. 13, 2019) (stating that Oliver is "all too familiar . . . to the federal courts" and describing her inability to follow instructions, attempts at manipulation, and "'inflammatory accusations, unaccompanied by factual support'"); Order, *Oliver v. Luner*, No. 2:18-cv-02562 VAP (C.D. Cal. Sept. 26, 2018), ECF No. 99 ( order imposing filing sanctions after finding Oliver was declared to be a "vexatious litigant" by the State of California and that Oliver had filed numerous baseless suits and attempted to hold himself out as a lawyer).

the required courtesy copies of h[er] requests to file for each civil action). *Id.* The Court gave Oliver fourteen days to comply and warned that failure to do so would result in dismissal of her action. *Id.*

Oliver did not respond.[5] Defendants filed a "Motion to Extend Deadlines or Alternatively to Dismiss," in which they argued that the action should be dismissed based on Oliver's failure to respond and follow the Court's instructions. ECF No. 20. In an attempt to give Oliver another chance to respond and provide the information requested in the Court's August 13, 2025 Order (ECF No. 13) and the September 24, 2025 Order to Show Cause (ECF No. 18), the Court gave Oliver twenty-one days to respond to the Defendants' motion (ECF No. 21). Although the Court had already warned Oliver that failure to respond to the Order to Show Cause would result in the dismissal of her action (ECF No. 18 at 6), the Court again warned her that dismissal may result if she failed to respond to the defendants' motion (ECF No. 21 at 1). Oliver still did not respond.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with the court's orders. *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240-41 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)) (finding court did not err in dismissing the third amended complaint for failure to follow the court's instructions regarding how to amend the complaint). Dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."

---

[5] Oliver's third and final response to the Court's August 13, 2025 Order was docketed after the Court issued the September 24, 2025 Order to Show Cause. See ECF No. 19. But this response is dated September 6, 2025, and Oliver states that it is a response to the Court's August 13, 2025 Order. *Id.* Thus, Oliver did not respond to the September 24, 2025 Order to Show Cause.

*Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)) (upholding dismissal without prejudice of pro se prisoner's complaint for failure to follow court's instructions); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) (stating that "[t]he court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order").

This Court warned Oliver on numerous occasions that it would dismiss this action should she fail to respond and comply with the Court's instructions.   ECF No. 13 at 4; ECF No. 18 at 6; ECF No. 21 at 1.   Additionally, Oliver is not new to litigation and, therefore, understands the consequences of her failure to respond and follow the Court's Orders and instructions.[6]   While this Court is simply dismissing this action without prejudice for failure to respond and comply with the Court's instructions, Oliver should

---

[6] Oliver has filed hundreds of cases throughout the United States, in both state and federal courts, and has been deemed a "vexatious litigant" by numerous courts.   *See Oliver v. City of Pooler*, No. 4:18-cv-00100, 2019 WL 357980, *1-2 (S.D. Ga. Jan. 29, 2019) (recommending filing restrictions because of "Oliver's persistent failure to abide by the Court's rules, procedures, and orders" and noting that her "ongoing conduct in . . . various cases seems explicable only by culpable carelessness or a deliberate attempt to disrupt the efficient disposition of h[er] claims"), *report and recommendation adopted*,   2019 WL 1005198 (S.D. Ga. Feb. 28, 2019); *Oliver v. EHM Prods., Inc.*, No. 23-cv-02671, 2023 WL 6519755, at *1 (N.D. Cal. Sept. 15, 2023) (declaring Plaintiff a "vexatious litigant" after determining that Plaintiff "has a long track record of filing numerous unsuccessful lawsuits in both state and federal court," and "[b]ased on [her] litigation history, there is no basis for believing that [Oliver] will cease filing frivolous suits going forward"); *Oliver v. Luner*, No. 2:18-cv-02562, 2018 U.S. Dist. LEXIS 220345, at *2-10 (C.D. Cal. Sep. 26, 2018) (citations omitted) (declaring Plaintiff a "vexatious litigant" after noting she "has been warned about [her] practices on multiple occasions by multiple judges in multiple districts, but has failed to guide [her]self accordingly" and recognizing that (1) "Plaintiff was declared to be a vexatious litigant in the State of California in 2013"; (2) she has filed numerous frivolous or malicious actions in federal courts around the country; and (3) federal courts have repeatedly chastised her for her conduct, such as filing unnecessary motions, unreasonably accusing opposing counsel of misconduct, and holding herself out to be a lawyer); and *Oliver v. Cnty. of Los Angeles*, No. CV 15-07791, 2016 WL 11755117, at *13-14 (C.D. Cal. Feb. 16, 2016) (citation omitted) (stating that Plaintiff has "repeatedly filed deficient and frivolous complaints against [d]efendants" and noting that the San Bernadino Superior Court declared Plaintiff a vexatious litigant after she filed forty-two cases in that state court between 2010 and 2013).

be warned that the Court will not tolerate her contemptuous conduct, disrespectful responses, inflammatory attacks on opposing counsel, and failure to follow instructions. Should Oliver behave in this manner in future litigation, the Court will impose filing sanctions.  *See Oliver v. Ameris Bank*, No. 21-13005, 2023 WL 6159997, at *1 (11th Cir. Sept. 21, 2023) (per curiam) (citing *Oliver v. City of Pooler*, No. 4:18-cv-00100, 2019 WL 1005198 (S.D. Ga. Feb. 28, 2019) (stating that the district courts have discretion to manage Plaintiff's abusive litigation by "severely restrict[ing] what [s]he may file and how [s]he must behave," as long as [s]he is not "completely foreclosed from any access to the courts")

In conclusion, this action is **DISMISSED** without prejudice due to Plaintiff's failure to follow the Court's Orders.  Fed. R. Civ. P. 41(b).  Plaintiff's outstanding motion to consolidate (ECF No. 8) is **DENIED** as moot and defendants' Motion to Extend Deadlines or Alternatively to Dismiss (ECF No. 20) is **DENIED** as moot.

**SO ORDERED**, this 10th day of March, 2026.

S/ Marc T. Treadwell

MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

9